CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

99 APR 12 AM 11:59

ADOLPH PERALES and
RACHEL PERALES,

    Plaintiffs,

v.                                                   No. CIV 98-245 MV/DJS

ST. VINCENT HOSPITAL,
a domestic non-profit corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on St. Vincent Hospital's Motion in Limine No. 1 and Memorandum in Support Thereof, filed March 19, 1999 [Doc. No. 58], St. Vincent Hospital's Motion in Limine No. 2 and Memorandum in Support Thereof, filed March 23, 1999 [Doc. No. 62], Plaintiffs' Motion in Limine to Limit Testimony of Defendant's Employees to Conform with Defendant's Disclosures, filed March 26, 1999 [Doc. No. 65], Plaintiffs' Motion in Limine to Bar Defendant from Introducing the Testimony of Steve Weiner, M.D., filed March 26, 1999 [Doc. No. 66], and Plaintiffs' Motion in Limine to Exclude Defendant's Last Minute Witness from Testifying, filed March 30, 1999 [Doc. No. 70]. The Court, having reviewed the pleadings, relevant law, and being otherwise fully informed, rules on these motions as set out below.

In this personal injury action, Plaintiffs have alleged that Mr. Adolph Perales, while being treated for a possible stroke at St. Vincent, was allowed to fall by the orderly assisting him. Mr. and Mrs. Perales claim that St. Vincent was negligent in that its employees failed to follow written

policies, that St. Vincent failed to follow the orders of Mr. Perales' physician confining Mr. Perales to bed rest, and that St. Vincent employees negligently allowed Mr. Perales to fall while he was in their care. In anticipation of trial, both parties have filed motions in limine, which the Court addresses seriatim.

I.     St Vincent Hospital's First Motion in Limine

St. Vincent argues here that Mr. and Mrs. Perales listed two of their children as witnesses, Mr. Anthony Robles and Ms. Loreen Robles, only in the Pretrial Order and not in their initial witness disclosure. The purpose of requiring subsequent disclosures is to narrow discovery. Not every litigant can afford to depose every person that may have knowledge of a case. Although St. Vincent, through the deposition of Mrs. Perales, knew that Anthony and Loreen were present at St. Vincent after Mr. Perales allegedly fell, St. Vincent asserts that the late disclosure, not allowing it an opportunity to depose Anthony and Loreen, results in unfair prejudice. Mr. and Mrs. Perales state that their initial disclosure mentioned "their children," and thus put St. Vincent on notice that Anthony and Loreen were potential witnesses. Looking to *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, __ F.3d __, 1999 WL 125474 (10th Cir. 1999), the Court agrees with St. Vincent Hospital.

*Woodworker Supply* reminds trial courts that four factors provide guidance in determining whether the failure to disclose witnesses is harmless: 1) the prejudice or surprise to the party against whom the testimony is offered, 2) the ability of the party to cure the prejudice, 3) the extent to which introducing such testimony would disrupt trial, and 4) the moving party's bad faith or willfulness. *Woodworker's Supply*, 1999 WL 125474 at *7. Here, the Court finds that

St. Vincent's inability to depose Anthony and Loreen, with trial only a few days hence, creates prejudice which can not be cured in time. Because a description of a witness' testimony is unnecessary for rebuttal witnesses, however, *see* Pretrial Order at 9, the Court will permit Anthony and Loreen to testify in the rebuttal portion of Mr. and Mrs. Perales' case.

II.     St. Vincent Hospital's Second Motion in Limine

In its second motion, St. Vincent is trying to preclude the introduction of approximately 50 incident reports, all describing for the hospital's internal purposes incidents where patients fell while being transported or moved, and all occurring prior to Mr. Perales' alleged fall. St. Vincent argues that under Fed. R. Evid. 404(b), these reports are not admissible to introduce evidence of other acts, and that in any event none of these reports describes a situation substantially similar to the facts surrounding the alleged fall of Mr. Perales. Mr. and Mrs. Perales counter that those reports would document the frequency of patient falls at St. Vincent and rebut the argument that such falls are rare. Mr. and Mrs. Perales also argue that the reports would help prove St. Vincent's failure to follow its own procedures and its knowledge of this failure.

Because of their prejudicial nature and possible misinterpretation by the jury, in order to be admissible to prove, at a minimum, notice of non-compliance with policies, reports of prior accidents or incidents must show substantial similarity with the event that is the subject of the litigation. *See Wheeler v. John Deere Co.*, 862 F.2d 1404, 1407 (10th Cir. 1988). Substantial similarity depends upon the underlying theory of the case, *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434, 1440 (10th Cir. 1992), but its requirements are relaxed when evidence of other incidents is used to demonstrate notice or awareness of a potential defect. *Id.*

3

Although these principles arise in the product liability context, the Court finds that they are equally applicable to show that St. Vincent may have been aware of a failure of its staff to follow the patient escorting policies.

Mr. Perales has alleged that an attendant left his side momentarily, resulting in a fall that caused injuries. Of the incident reports Plaintiffs are seeking to introduce at trial, many do not involve similar, let alone substantially similar, circumstances. For example, Bates number 504 describes an instance where a patient fell after deciding to get up from a wheelchair unaided while one attendant was programming a computer for a scan and another was adjusting oxygen flow. The reports with Bates numbers 482, 485, 486, 489, 492, 498, 511-512, and 513 do, however, show enough similarity for purposes of notice that the Court will permit their use. All involve patients falling while attended, in circumstances where a hospital employee may or may not have left the patient's side. Some include statements that characterize the events as resulting from improper supervision or from procedures not being followed. These incidents, therefore, are sufficiently similar to show that St. Vincent may have had notice of its procedures' not being followed.

III.   Plaintiffs' Motion to Limit Employee Testimony to Conform with Disclosures

Mr. and Mrs. Perales in this motion assert that St. Vincent was impermissibly vague with respect to specifying in its disclosure the possible testimony of its employees, and further assert that St. Vincent has denied them access to those employees for purposes of interviews. The Court has already addressed the access issue, which has been resolved by St. Vincent's representing, at the pretrial conference, that it would make witnesses available during business

4

hours for interviews. The only remaining issue, then, is whether those witnesses, identified in St. Vincent's answer to Plaintiffs' Interrogatory Number 11, may testify outside the scope of the described anticipated testimony. The Court concludes that they may not.

The answer to the interrogatory states that certain witnesses are expected to testify regarding the care and treatment they provided to Mr. Perales and their knowledge of Mr. Perales' physical and mental condition between April 25 and May 1, 1996. Moreover, Ms. Gladys Tucci may testify about the arrangements for Mr. Perales' discharge and return to San Diego. Because Plaintiffs were entitled to rely on these representations when planning their discovery, the Court will not now allow St. Vincent to exceed the bounds of its disclosures.


IV.   Plaintiffs' Motion to Bar the Testimony of Dr. Weiner

Mr. and Mrs. Perales attempt here to preclude the testimony of St. Vincent's expert witness, Dr. Weiner, on the ground that his report to them was untimely. Mr. Weiner's final report in this case was received by Plaintiffs on February 18, 1999. The record reflects that upon being asked whether he had been treated for preexisting conditions, Mr. Perales replied by giving the name of his family physician and stating he had occasionally been seen for an annual exam and flu shots. As Judge Svet's discovery order of January 13, 1999 made clear, St. Vincent learned through its own efforts that Mr. Perales had been treated "for the same medical conditions that are the subject of the claims in this litigation." *Perales v. St. Vincent Hospital*, No. 98-245 (D. N.M. Jan. 13, 1999). Understandably, it took St. Vincent some time to collect Mr. Perales' prior medical records, and the examination of Mr. Perales by Dr. Weiner also took time, given that Mr. Perales lives in San Diego and Dr. Weiner practices in Santa Fe.

5

Moreover, even considering that Dr. Weiner transmitted his second supplemental report after the close of discovery, Mr. and Mrs. Perales had ample time between February 18 and the filing of their motion in limine more than a month later to ask the Court, with good cause shown, to allow Dr. Weiner's deposition. This Mr. and Mrs. Perales have not done. Plaintiffs, given their contribution to the tardiness of this report and their failure to correct what they allege are prejudicial circumstances, can not now attempt to limit this expert's testimony.

V.  Plaintiffs' Motion to Exclude Defendant's Last Minute Witnesses

The parties here have taken the reverse of the arguments they presented for the motion to exclude the testimony of the Perales children. On March 22, 1999, St. Vincent disclosed the names of two of its employees it plans to use as witnesses. St. Vincent argues that no prejudice will result, since the proposed witnesses ostensibly will only testify about facts which are apparent from Mr. Perales' medical records. The Court disagrees. Such testimony was amply predictable, so that St. Vincent should have planned for it well in advance of its March 22, 1999 disclosure. Moreover, Mr. and Mrs. Perales are entitled, under usual circumstances, to depose adverse witnesses. Although St. Vincent has agreed to allow interviews of those witnesses, interviews are not sworn depositions. The Court agrees, therefore, that St. Vincent has belatedly disclosed as witnesses persons whom it knew since the date of the incident to be in its employ.

**THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion in Limine to Bar Defendant from Introducing the Testimony of Steve Weiner, M.D., filed March 26, 1999 **[Doc. No. 66]** be, and hereby is, **denied**.

**IT IS FURTHER ORDERED** that St. Vincent Hospital's Motion in Limine No. 1 and Memorandum in Support Thereof, filed March 19, 1999 **[Doc. No. 58]**, and St. Vincent Hospital's Motion in Limine No. 2 and Memorandum in Support Thereof, filed March 23, 1999 **[Doc. No. 62]** be, and hereby are, **granted in part.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Limit Testimony of Defendant's Employees to Conform with Defendant's Disclosures, filed March 26, 1999 **[Doc. No. 65]**, and Plaintiffs' Motion in Limine to Exclude Defendant's Last Minute Witness from Testifying, filed March 30, 1999 **[Doc. No. 70]** be, and hereby are, **granted.**

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

April 9, 1999

Counsel for Plaintiffs

James Lyle

Counsel for Defendant

William Slattery
David Lawrenz