# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ADOLPH PERALES and
RACHEL PERALES,

      Plaintiffs,

vs.                                        No. CIV 98-245 MV/DJS

ST. VINCENT HOSPITAL,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes for consideration of Plaintiffs Adolph Perales and Rachel Perales' Motion to Tax Costs and Award Pre-Judgment and Post-Judgment Interest, filed August 4, 1999. The Court, having considered all briefs and being otherwise fully advised, finds Plaintiffs' motion to be well taken in part.

## BACKGROUND

Plaintiffs Adolph Perales and Rachel Perales brought this personal injury action against Defendant St. Vincent Hospital arising out of an incident that occurred while Adolph Perales was being treated for a stroke at St. Vincent Hospital. A verdict was rendered in favor of Defendant after an April, 1999 jury trial. On June 29, 1999, this Court granted Plaintiffs' Motion for Retrial due to a jury instruction error. The jury returned a verdict in favor of Plaintiffs upon retrial in July, 1999. Pursuant to Federal Rule of Civil Procedure 54, Plaintiffs now move for the Court to Tax Costs and Award Pre-Judgment and Post-Judgment Interest.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d)(1) authorizes the taxing of costs "to a prevailing party unless the court otherwise directs." *See Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir. 1995). The scope of taxable costs is defined in 28 U.S.C. § 1920 and District of New Mexico Local Civil Rule 54 (D.N.M.LR-Civ. 54). The items proposed by parties as costs should always be given careful scrutiny. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Therefore, the prevailing party has the burden of proving that the expenses sought to be taxed fall within the applicable categories. *See, e.g., Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1208 (10th Cir1986); *Green Construction Co. v. Kansas Power and Light Co.*, 153 F.R.D. 670, 675 (D.Kan.1994). If the prevailing party carries this burden, a presumption arises in favor of taxing those costs. *U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988).

## ANALYSIS

### A.     Bill of Costs

Plaintiffs request that the Court tax costs for various litigation expenses. Defendant objects to several of the items on the bill of costs as outside the scope of 28 U.S.C. § 1920 and N.M.L.R.-Civ.54. The Court will address each disputed item in turn.

### 1. Deposition Transcripts

Under N.M.L.R.-Civ. 54.2(b)(1) a prevailing party may tax the cost of deposition transcripts which are "reasonably necessary to the litigation." A deposition is considered

reasonably necessary to the litigation when: (a) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes; (b) the deposition is used by the Court in ruling on a motion for summary judgment; or (c) the Court so determines.  N.M.L.R.54.2(b)(2).

Plaintiffs request that the Court tax costs for  deposition transcripts for several witnesses, including Adolph Perales, Rachel Perales, Leslie Urquhart, Elizabeth LaKind, M.D. Richard Luna, William J. Patterson.  Plaintiffs also request that costs be taxed for the depositions which were read into evidence of Richard Sandler, M.D., Steven Orcutt, MD. John Daly, M.D.

Plaintiffs support their request for costs of the depositions of Drs. Sandler, Orcutt and Daly by pointing out that these depositions were read into evidence and thus were reasonably necessary for the litigation.  Of these depositions, Defendant objects only to the cost of the deposition of Dr. Orcutt on the grounds that Defendant, rather than Plaintiffs, read these depositions into evidence.  As such, Defendant asks the Court to find that these depositions were not reasonably necessary for the litigation.  The Court believes that it is irrelevant under N.M.L.R.-Civ.54(b)(2)(A) whether the deposition testimony was admitted by Plaintiffs or Defendant.  The Local Rule only specifies that a deposition is reasonably necessary when it is admitted into evidence, without distinguishing which party did in fact admit the deposition testimony.  Even if the deposition was admitted only to support Defendant's case, Plaintiffs necessarily needed to conduct its own deposition examination of the witness in preparation for the trial.  Therefore, the Court finds that the costs of the deposition transcripts of Drs. Sandler, Daly and Orcutt are properly taxed under N.M.L.R.-Civ.54.2(b)(2) in the amount of $461.90.

The remaining depositions of Adolph Perales, Rachel Perales, Leslie Urquhart, Elizabeth LaKind, M.D., Richard Luna, William J. Patterson were not admitted into evidence or used for

impeachment by either party; nor were they offered as support for any pre-trial motions brought before the Court. Nonetheless, Plaintiffs state in a conclusory manner that these depositions were reasonably necessary for the trial. Plaintiffs do not offer any evidence in support of this argument, but rather, ask the Court to "refer to its own notes and its own memory as to which of these depositions were reasonable and necessary." Plaintiffs' Reply in Support of Their Bill of Costs and Request for Pre-Interest And Post Judgment Interest. After reviewing the record, the Court does not find any support for the Plaintiffs' assertion. Plaintiffs' failure to explain the necessity of these depositions defeats their request for the costs. Had Plaintiffs indicated to the Court that these depositions were needed, for example, to prepare for their own examination of the witnesses, to anticipate Defendant's cross-examination, or to support any pre-trial motions, the Court may have found that these depositions were necessary for the litigation. However, without any offer of proof on the part of the Plaintiffs the Court will not make a determination that the remaining depositions were reasonably necessary under N.M.L.R.-Civ. 54.2(b)(2). Therefore, the Court will not tax costs for the depositions of Adolph Perales, Rachel Perales, Leslie Urquhart, Elizabeth LaKind, M.D. Richard Luna, William J. Patterson in the amount of $1103.02.

2.    Witness Fees

The recovery of witness costs are authorized under 28 U.S.C. § 1821. Pursuant to this section, a witness shall be paid an attendance fee of $40 for each day in court. Plaintiffs identify three witnesses who testified during the July, 1999 retrial and request $75 dollars for each of these witnesses. Plaintiffs fail to explain why the Court should allow costs in excess of the

statutory limit of $40 witness fee. Therefore, the Court will tax costs for the three witnesses in the July, 1999 retrial in the amount of $40 each, for a total of $120.

In addition to these retrial witnesses, Plaintiffs request $75 witness fees for each of two witnesses subpoenaed for the first trial in April, 1999 in which Defendant prevailed. Federal Rule of Civil Procedure 54 only authorizes the Court to tax costs for the prevailing party. Plaintiffs cite no authority that would entitle a previously losing party to witness fees upon successful retrial. Rather than offering any argument in support of their position, Plaintiffs merely request the Court to exercise its discretion to permit Plaintiffs to recover these costs. The Court is not in the practice of exercising discretion in favor of parties who fail to offer a reasonable basis in either law or fact to support such discretion. The Court therefore declines to award the witness fees for the first trial in the amount of $120.

3.    Travel Costs

Plaintiffs also seek to tax $1065.53 for the costs incurred by their attorney and his paralegal to travel to San Diego to attend the deposition of John Daly, M.D. Plaintiffs argue that the modern practice in the District of New Mexico is to allow taxation of travel expenses incurred by attorneys to attend depositions. Plaintiffs fail to point to any case law supporting this assertion. Rather, Plaintiffs cite to an inapposite Tenth Circuit case, *Maras v. Credit Bureau of Raton*, in which the Court held that travel costs are compensable as part of the attorney fees awarded by a court where fee-shifting statutes are involved. 801 F.2d 1197, 1208 (10th Cir. 1986). *Maras* is therefore distinguishable from this present case in which there is no attorney fee-shifting provision applicable. Contrary to Plaintiff's assertion, the modern practice in federal

court is to not award attorney travel expenses incurred to attend a deposition, absent exceptional circumstances. *See, e.g, DiCecco v. The Dillard House, Inc*., 149 F.R.D. 239, 240 (N.D.Ga. 1993)("ordinarily, travel expenses are not taxed as a cost," and should be awarded only if "extraordinary and compelling circumstances" exist); *Nugget Distrib. Coop. of America, Inc. v. Mr.. Nugget, Inc.*, 145 F.R.D. 54, 58 (E.D.Pa. 1992) ("the prevailing view is that travel expenses of counsel in attending depositions are ordinarily not taxed as costs"); Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d. § 2676.   Plaintiffs have explained that the travel was required by the witness' refusal to travel to New Mexico for a deposition.  Such circumstances do not appear to be exceptional to the Court and do not justify diverging from the general rule that deposition travel expenses are not taxable costs. *See, e.g.*, *DiCecco v. Dillard House, Inc*., 149 F.R.D. 239 (D.Ga. 1993) (deponent's refusal to travel to deposition not considered an exceptional circumstance); *accord Nugget Distributors v. Mr. Nugget Inc*., 145 F.R.D. 54,58 (D.Pa. 1992); *Ramos v. Lamm*, 539 F.Supp 730 (D.Colo. 1982) *remanded on other grounds*, 713 F.2d 546 (10th Cir. 1983).  In the absence of any special circumstances, the Court will not tax costs for the travel expenses incurred by Plaintiff's attorney to attend the deposition of John Daly, M.D.

4.      Jury Exhibits

Plaintiffs request that the Court tax duplicating costs for individual jury exhibit notebooks in the amount of $665.50.  The jury exhibit notebooks were admitted into evidence by stipulation of the parties and by authorization of the Court.  The jury received the exhibit notebooks in place

of the original exhibits, which were also admitted into evidence. N.M.L.R.-Civ.54.2(e) provides

that the cost of copying an exhibit is taxable "when the exhibit is requested by the court or when

the copy is admitted into evidence in place of the original." This Court generally favors the

parties providing jurors with exhibit notebooks as a means of facilitating their understanding of

the case. Furthermore, the Court expressly authorized the submission of the exhibit notebooks to

the jury. On this basis, the Court finds that the copying costs of the jury exhibit notebooks in the

amount of $665.50 are properly taxed under N.M.L.R. Civ 54.2(e).

     5.     <u>Trial Transcript Costs</u>

Plaintiffs request that the Court tax the cost of obtaining a transcript of the first trial for

use in the July, 1999 retrial in the amount of $1,310.38. N.M.L.R.-Civ. 54.2(a) provides that "the

cost of an original transcript of a court proceeding is taxable when requested by a party and

authorized by the Court before transcription." Prior to the July retrial, the Court granted

permission to the parties to use the first trial transcript to present testimony taken from any

witness during the first trial who could not be present at the second trial. Plaintiffs did in fact use

the first trial transcript to impeach testimony of defendants witnesses during the second trial.

Plaintiffs' Memorandum in Support of Motion to Tax Costs and Award Pre-Judgment and Post-

Judgment Interest at 2. On these grounds, the cost of the first trial transcript is taxable in the

amount of $1,310.38 pursuant to N.M.L.R.-Civ. 54.2(a).

**B.**     **Pre-Judgment Interest**

Plaintiffs request that the Court grant pre-judgment interest against Defendant. The Court

has discretion to grant pre-judgment interest to a prevailing party under NMSA 1978 § 56-8-4 (1851). The statute reads, in pertinent part, that "[t]he court in its discretion may allow interest of up to ten percent from the date the complaint is served upon the defendant after considering among other things: (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff." The New Mexico Supreme Court, interpreting this statute, stated that the purpose of allowing prejudgment interest under §56-8-4 is as a management tool "to foster settlement and prevent delay in all types of litigation." *Sunwest Bank, N.A. v. Colucci*, 117 N.M. 373, 378 (1994). Courts should generally use an award of pre-judgment interest to "discourage recalcitrance and unwarranted delays in cases which should be more speedily resolved." *Weidler v. Big J Enterprises, Inc.*, 124 N.M. 591, 604 (Ct. App. 1997). In resolving a motion for pre-judgment interest, a Court should "take into account all relevant equitable considerations that further the goals of Section 56-8-4(B). *Gonzales v. Surgidev Corp*., 120 N.M. 133, 150 (1995). Plaintiffs support their motion for pre-judgment interest by pointing out that Defendant never made an offer of settlement and that Plaintiffs were not responsible for any delays in the adjudication of Plaintiffs claims. The fact that Defendants did not make any settlement offer is not dispositive as to Plaintiff's motion. Although settlement negotiations are encouraged by the Court, a defendant is not compelled to make a settlement offer where there is a good faith basis for believing that they are not liable to the plaintiff. In this case, there was evidence to support both the Plaintiff's and the Defendant's position. The Court will not penalize Defendant for exercising its right to take the case to trial. Furthermore, Plaintiffs have not offered evidence of any significant delay that occurred in adjudicating their claims against Defendant. The Court

8

therefore finds that there are no grounds to award pre-judgment interest in this case.

## C.     Post-judgment Interest

Finally, Plaintiffs request that the Court award post-judgment interest pursuant to 28 U.S.C. § 1961, which reads in relevant part "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a).  Plaintiffs calculated that an interest rate of 4.71% rate is appropriate under the statutory provisions of 28 U.S.C. § 1961(a).  Defendant does not oppose Plaintiff's calculation.  The Court therefore awards Plaintiffs' post-judgment interest in the amount of 4.71%.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs Adolph Perales and Rachel Perales' Motion to Tax Costs and Award Pre-Judgment and Post-Judgment Interest, filed August 4, 1999 is **GRANTED IN PART AND DENIED IN PART.**  Costs shall be taxed against Defendant for a total amount of $2,557.78.  The Court's findings as to the taxing of costs is summarized as follows:

(1)      The costs of obtaining deposition transcript for Drs. Orcutt, Sandler and Daly is taxed in the amount of $461.90;

(2)      The witness fees for the July 1999 retrial are taxed in the amount of  $120.00;

(3)      The cost of the jury exhibit notebooks is taxed in the amount of $665.50; and

(4)      The cost of obtaining a transcript of the first trial proceedings is taxed in the amount of $1,310.38.

In addition to the taxed costs, Plaintiffs are awarded post-judgment interest at a rate of 4.71%. The motion for the taxing of additional costs and for pre-judgment interest is hereby **DENIED**.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Plaintiffs:
James P. Lyle

Attorneys for Defendant:
William P. Slattery
David B. Lawrenz